IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, AS TRUSTEE, AS TRUSTEE | § | |
| FOR SOUNDVIEW HOME LOAN TRUST | § | |
| 2006-EQ1 ASSET-BACKED CERTIFICATES, | § | |
| SERIES 2006-EQ1 | § | |
|      Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 7:19-cv-150 |
| | § | |
| | § | |
| GLORIA CASTRELLON and | § | |
| JESUS CASTRELLON | § | |
|      Defendants. | § | |

---

### DEFENDANT GLORIA CASTRELLON'S ORIGINAL ANSWER

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**NOW COMES** Defendant Gloria Castrellon ("Gloria Castrellon"), files this Answer to Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-EQ1 Asset Backed Certificates, Series 2006-EQ1 ("Deutsche").

### I.  ANSWER

Responding to the Complaint by numbered paragraph, Gloria Castrellon states the following:

### II. PARTIES

1.     Gloria Castrellon does not have sufficient information to form a basis to admit or deny allegation of Deutsche Bank's capacity as trustee.

2.     Gloria Castrellon admits that she may be served at her residence or at such other place where she may be found.  Otherwise, deny.

3.      Gloria Castrellon does not have sufficient information to form a basis to admit or deny allegation of location for service of Defendant Jesus Castrellon.

### III. JURISDICTION

4.      The allegations in paragraph 4 are legal arguments and/or legal conclusions to which no responsive pleading is required.

5.      The allegations in paragraph 5 are legal arguments and/or legal conclusions to which no responsive pleading is required.

6.      The allegations in paragraph 6 are legal arguments and/or legal conclusions to which no responsive pleading is required.

7.      The allegations in paragraph 7 are legal arguments and/or legal conclusions to which no responsive pleading is required.

### IV. VENUE

8.      The allegations in paragraph 8 are legal arguments and/or legal conclusions to which no responsive pleading is required.

### V. FACTS

9.      Gloria Castrellon admits the property was conveyed to Defendants.

10.     Gloria Castrellon does not have sufficient information to form a basis to admit or deny allegation allegations in paragraph 10.

11.     Gloria Castrellon admits allegations in paragraph 11.

12.     Gloria Castrellon admits allegations in paragraph 12.

13.     The allegations in paragraph 13 are legal arguments and/or legal conclusions to which no responsive pleading is required.

14.     Gloria Castrellon admits allegations in paragraph 14.

15.     Gloria Castrellon does not have sufficient information to form a basis to admit or deny the allegations paragraph 15 or methods of enforcement of the Security Instrument are legal arguments and/or legal conclusions to which no responsive pleading is required.

16.     Gloria Castrellon admits that she has missed payments, but does not have sufficient information to form a basis to admit or deny the remaining allegations of paragraph 16 or the term "default" is a legal argument and/or legal conclusion to which no responsive pleading is required.

17.     Gloria Castrellon does not have sufficient information to form a basis to admit or deny the allegations in paragraph 17 or whether Defendant Gloria Castrellon has defaulted, been properly noticed pursuant to §51.002(d) of the Texas Property Code, and Defendant Gloria Castrellon has failed to cure the default are legal arguments and/or legal conclusions to which no responsive pleading is required.

18.     Paragraph 18 is only an incorporation of allegations and does not require a responsive pleading.

19.     Gloria Castrellon admits that Plaintiff is seeking the relief of an order to enforce its security interest through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code §51.002, but denies Gloria Castrellon materially breached the Loan Agreement.

20.     Gloria Castrellon does not have sufficient information to form a basis to admit or deny the allegations in paragraph 20 whether the public auction would be the most efficient and effective method of enforcing an interest in the Loan Agreement.

21.     Paragraph 21 is only an incorporation of allegations and does not require a responsive pleading.

22.     Gloria Castrellon does not have sufficient information to form a basis to admit or deny the allegations in paragraph 22 by a judgment for the amount equal to the payoff at the time of judgment. Gloria Castrellon denies the allegation she has failed to cure the default.

23.     Gloria Castrellon admits that Plaintiff seeks a judgment for judicial foreclosure and order for sale issued to the sheriff or constable, but denies the Property may be sold in satisfaction of the Loan Agreement debt.

24.     Paragraph 24 is only an incorporation of allegations and does not require a responsive pleading.

25.     Gloria Castrellon denies a material breach of the Loan Agreement, and denies that Plaintiff is entitled to attorney's fees.

26.     Gloria Castrellon denies the allegations of paragraph 26.

## VI. AFFIRMATIVE DEFENSES

27.      Gloria Castrellon would show that Plaintiff's claims are barred, in whole or in part, from recovery due to Statute of Limitations.

28.     Gloria Castrellon would show that Plaintiff's attorney's fees are not recoverable, reasonable or necessary.

29.     In addition to the defenses set forth above, Gloria Castrellon reserves the right to raise any additional defenses she may have or may discover she has to Plaintiff's claims in this lawsuit.

## VI. RESERVATION OF RIGHTS

30.     Gloria Castrellon reserves the right to amend her answer as may be authorized by the court and permitted by the rules of procedure

WHEREFORE, PREMISES CONSIDERED, Defendant Gloria Castrellon requests that Plaintiff take nothing by its suit and that Defendant Gloria Castrellon be allowed such other and further relief, both law and in equity to which she may show herself to be justly entitled.

Respectfully submitted,

Guerra Days Law Group, PLLC

By:   /s/ *Ricardo Guerra*
Ricardo Guerra
Texas Bar No. 24074331
Eric Days
TX Bar No. 24082907
Brent Smith
TX Bar No. 24083875
2211 Rayford Rd. Ste. 111 #134
Spring, Texas 77386
Tel. (281) 760-4295
Fax. (866) 325-0341
Email service@guerradays.com
Attorneys for Defendant Gloria Castrellon

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been duly served upon the following attorneys of record, via regular and/or certified mail, facsimile, or electronic transmission through the electronic filing manager, in accordance with the Federal Rules of Civil Procedure, this **26th Day of August, 2019**:

MARK D. CRONENWETT
mcronenwett@mwzmlaw.com
ROBERT T. LIEBER JR.
rlieber@mwzmlaw.com

MACKIE, WOLF, ZIENTZ & MANN, PC
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

ATTORNEYS FOR DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE,
AS TRUSTEE FOR SOUNDVIEW HOME LOAN
TRUST 2006-EQ1 ASSET-BACKED
CERTIFICATES, SERIES 2006-EQ1

*/s/ Brent Smith*
Brent Smith
Attorney for Defendant Gloria Castrellon